UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**TRINITA COOPER,**

    Plaintiff,

v.                                    Civil Action No. 2:21-cv-00553

**7-ELEVEN, INC. d/b/a 7-ELEVEN,
and MEGAN LANHAM,**

    Defendants.

MEMORANDUM OPNION AND ORDER

Pending is Plaintiff's Motion for Remand (ECF No. 8), filed October 26, 2021.[1]

I. Background

Plaintiff Trinita Cooper ("Cooper") initiated this civil action against defendant 7-Eleven, Inc. ("7-Eleven") and Megan Lanham ("Lanham") in the Circuit Court of Kanawha County, West Virginia on August 6, 2021. ECF No. 1-1, at 3. On

---

[1] Also pending is Defendant Megan Lanham's Motion to Dismiss (ECF No. 4), filed October 15, 2021. Pursuant to the court's order dated October 28, 2021, the deadline for Cooper to file a response to that motion has been stayed until further order of the court. ECF No. 12; see Adkins v. Consolidation Coal Co., 856 F. Supp. 2d 817, 819 (S.D.W. Va. 2012) ("Where, as here, a motion to remand and a Rule 12(b)(6) motion to dismiss are both made, it is ordinarily improper to resolve the Rule 12(b)(6) motion before deciding the motion to remand.").

September 14, 2021, Cooper amended her complaint and pled the following facts. Am. Compl., ECF No. 1-1, at 15–24.

On or about March 13, 2021, Cooper was a customer at a 7-Eleven store in Charleston, West Virginia. Id. at ¶ 7. On that date, Lanham, "while acting as an agent, servant, and/or employee of 7-Eleven, Inc.," was engaged in a conversation with a customer while Cooper "was attempting to pay for her items for approximately five (5) minutes". Id. at ¶¶ 8–9.

Cooper "walked out of [the] store since there was no effort by Megan Lanham to accept payment from [her]." Id. at 11. Cooper then returned to the store where her unnamed friend, "who was still waiting in line to pay," was engaged in a verbal altercation with a customer Cooper believes to be Chastanay Joseph ("Joseph"). Id. at ¶¶ 11–12.

Joseph "began throwing items at Plaintiff and proceeded behind the counter without being stopped or attempting to be stopped by the defendants and retrieved a knife about six (6) inches long with an extremely sharp blade." Id. at ¶ 13. Cooper alleges that "the knife was negligently left out in the open and the customer proceeded to viciously stab Plaintiff multiple times in the chest, back, left arm, axilla or arm pit, left wrist, and right hand." Id. at ¶ 14. Lanham "made no effort to protect Plaintiff from the customer, Chastanay

2

Joseph." Id. at ¶ 15.

Moreover, Cooper alleges that,

> [u]pon information and belief, Defendant 7-Eleven store is in an area that has high crime and violence both before and after the Plaintiff was stabbed including multiple 911 calls to Kanawha County Metro 911 where police were dispatched and patrons assaulted and/or shot. Therefore, Defendants should have known or did know of the need to protect customers such as the Plaintiff.

Id. at ¶ 16.

As a result of the aforementioned, Cooper pleads that she "suffered multiple stab wounds and injuries to her neck, back and other parts of her body." Id. at ¶ 17.

Cooper's Amended Complaint asserts six counts: (I) negligence against both defendants,[2] (II) negligent supervision against 7-Eleven, (III) extreme and outrageous conduct against both defendants, (IV) intentional and negligent infliction of emotional distress against both defendants, (V) negligent retention against 7-Eleven, and (VI) negligent hiring and negligent training against 7-Eleven.

The Amended Complaint states that Cooper is a resident of Charleston, West Virginia. Id. at ¶ 1. Cooper pleads that 7-

---

[2] There is no heading labelled "Count One" in Cooper's complaint, however the facts assert a claim of negligence under the theory of premises liability. See Am. Compl. ¶¶ 17–25.

Eleven operates a place of business in Charleston, West Virginia and that Lanham "was an employee at 7-Eleven, Inc. at the times of the acts alleged herein and was a resident of Kanawha County in the State of West Virginia." Id. at ¶¶ 3–4.

On October 8, 2021, 7-Eleven removed the case to this court on the basis of diversity jurisdiction. ECF No. 1. In its notice of removal, 7-Eleven states that it is a Texas Corporation with its principal place of business in Texas. Id. at ¶ 14. Moreover, the notice of removal observes that Cooper's amended complaint alleged defendant Lanham was a resident of Kanawha County, West Virginia, and it concedes that ordinarily Lanham's inclusion as a defendant would defeat diversity jurisdiction and preclude removal. Id. at ¶¶ 15–16. Those facts notwithstanding, 7-Eleven claims that Cooper "fraudulently joined Ms. Lanham and, therefore, complete diversity exists and removal is proper." Id. at ¶ 16.

## II. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). That said, "[f]ederal courts are courts of

limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

"Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction" and remand an action "[i]f federal jurisdiction is doubtful." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Mulcahey, 29 F.3d at 151). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1332(a)(1), federal district courts have original diversity of citizenship jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

"Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Central W.

Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

"For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." Central W. Va. Energy Co., 636 F.3d at 102; 28 U.S.C. § 1332(c)(1).

The citizenship of an individual is based upon their national citizenship and domicile. Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 664 (4th Cir. 1998).

### III. Analysis

#### A. Fraudulent Joinder

Cooper contends that remand is required because diversity of citizenship does not exist. ECF No. 9, at 10. Inasmuch as Cooper and Lanham are both citizens of West Virginia, Cooper maintains that removal was improper and that this court lacks jurisdiction over her civil action. Id.

7-Eleven, on the other hand, asserts that Lanham was "inappropriately included as a party defendant in an attempt to destroy diversity jurisdiction" and consequently, that removal was appropriate under the doctrine of fraudulent joinder. ECF

No. 13.

Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

The fraudulent joinder standard is well settled. Our court of appeals lays a "heavy burden" upon a defendant removing a case on such grounds:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Mayes, 198 F.3d at 464 (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). The applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss[.]" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

Fraudulent joinder claims are subject to a rather black-and-white analysis in this circuit, and any shades of gray in the record are resolved in favor of remand. See id., at

425–26. "[T]here need only be a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Id.

Inasmuch as 7-Eleven does not allege any outright fraud in the pleading of jurisdictional facts, the only question for fraudulent joinder purposes is whether Cooper has any possibility of recovery against Lanham, the nondiverse defendant.

Cooper's Amended Complaint asserts three claims against Lanham: negligence, intentional infliction of emotional distress ("IIED" or "outrage"), and negligence infliction of emotional distress ("NIED").

As to the negligence claim, 7-Eleven asserts that the claim against Lanham must fail because Lanham did not have a duty to protect Cooper from the criminal acts of Joseph, a third party. ECF No. 13, at 3.

To state a claim for negligence, "a plaintiff is required to show four basic elements: duty, breach, causation, and damages." Gable v. Gable, 858 S.E.2d 838, 850 (W. Va. 2021). West Virginia law holds that "[g]enerally, a person does not have a duty to protect others from the deliberate criminal conduct of third parties." Miller v. Whitworth, 455 S.E.2d 821,

825 (W. Va. 1995); Strahin v. Cleavenger, 603 S.E.2d 197, 206 (W. Va. 2004). That rule, however, is not absolute. The West Virginia Supreme Court of Appeals has recognized two exceptions to that general rule:

> (1) when a person has a special relationship which gives rise to a duty to protect another person from intentional misconduct or (2) when the person's affirmative actions or omissions have exposed another to a foreseeable high risk of harm from the intentional misconduct.

Whitworth, 455 S.E.2d at 825 (citing Restatement (Second) of Torts §§ 302B cmt. e and 315 (1965)).

As to the first exception, West Virginia law has recognized that owners and occupants of premises owe a special duty "to exercise ordinary care to keep and maintain the premises in a reasonable safe condition." Puffer v. Hub Cigar Store, 84 S.E.2d 145, 152 (W. Va. 1954).

> This duty requires the owner or the occupant of premises to exercise ordinary care to protect an invited person from injury inflicted by other persons present on such premises; and if such owner or occupant fails to perform such duty and his negligence is the proximate cause of injuries inflicted upon an invited person by another person such owner or occupant is liable to such injured invited person.

Id.[3]

---

[3] The invitee/licensee distinction in Puffer has since been overruled, however, the rule that a premises owner owes a duty

9

Cooper's amended complaint asserts that on the day in question, Lanham was working as an employee for 7-Eleven and that Lanham breached her duty "to maintain the premises in a reasonably safe condition." Am. Compl. ¶¶ 8, 25. Both West Virginia courts and federal courts applying West Virginia law have found that employees who are occupying, or are in some way in possession of, a premises may be held liable for injuries that occur thereon. See Doe v. Wal-Mart Stores, Inc., 479 S.E.2d 610, 617–18 (W. Va. 1996); Carden v. Wal-Mart Stores, Inc., 574 F. Supp. 2d 582, 589 (S.D.W. Va. 2008); see also McKean v. Wal-Mart Stores, Inc., No. 2:05-cv-00176, 2005 WL 1785260, at *3 (S.D.W. Va. July 26, 2005)("It thus appears that the West Virginia Supreme Court may recognize a cause of action against a management level employee charged with some responsibility for maintaining the premises."). Although a question remains as to whether Cooper can prove that Lanham's employee status granted her responsibility for the 7-Eleven premises, the court need not resolve that question at the motion to remand stage.

---

of care to prevent foreseeable injuries to persons present on his or her premises remains. See Mallet v. Pickens, 522 S.E.2d 436 (W. Va. 1999).

In addition to the foregoing, the Amended Complaint goes on to allege:

> Upon information and belief, Defendant 7-Eleven is in an area that has high crime and violence both before and after the Plaintiff was stabbed including multiple 911 calls to Kanawha County Metro 911 where police were dispatched and patrons assaulted and/or shot.  Therefore, <u>Defendants</u> should have known or did know of the need to protect customers such as the Plaintiff.

<u>Id.</u> at ¶ 16 (emphasis added).

To support this allegation, Cooper has provided the court with a 911 call log showing that emergency services were called to the 7-Eleven store in the past for events including a shooting, fights, multiple assaults (including assaults with injuries), and numerous "disturbances."  ECF No. 14-1.[4]

As to the second <u>Whitworth</u> exception, the amended complaint alleges that Joseph stabbed Cooper with a knife "retrieved" by her from "behind the counter" that "was negligently left out in the open," at the 7-Eleven store.  <u>Id.</u> at ¶¶ 13–14.  While this statement is ambiguous, it can be fairly read to assert that Lanham, as the individual working in

---

[4] When analyzing whether a party has engaged in fraudulent joinder "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'"  <u>AIDS Counseling & Testing Centers v. Grp. W. Television, Inc.</u>, 903 F.2d 1000, 1004 (4th Cir.1990) (quoting <u>Dodd v. Fawcett Publ'ns, Inc.</u>, 329 F.2d 82, 85 (10th Cir.1964)).

11

the 7-Eleven store, was responsible for leaving the knife in an open area that was accessible by the public in a retail store situated in a high crime district, thereby exposing another to a foreseeable high risk of harm.[5]

These facts are sufficient for the court to conclude that there is some possibility that Cooper has a claim based on the second exception in Whitworth, i.e., that Lanham's "affirmative actions or omissions have exposed [Cooper] to a foreseeable high risk of harm from the intentional misconduct." Whitworth, 455 S.E.2d at 825.

While Cooper may only have a "a slight possibility of a right to relief" on her negligence claim against Lanham, that slight possibility, or "glimmer of hope," is all that is required for this court's jurisdictional inquiry to end.[6] See Hartley, 187 F.3d at 426. Accordingly, the court finds that the case must be remanded to the Circuit Court of Kanawha County.

---

[5] Indeed, in her briefing on the instant motion, Cooper states that it was Lanham who "negligently placed and permitted this six inch long sharp knife to remain out and open to the public." ECF No. 14, at 2.

[6] Inasmuch as the court finds that remand is proper based on the negligence claim, the court declines to address the IIED and NIED claims.

B. <u>Attorney's Fees & Costs</u>

Cooper also seeks costs, expenses, and attorney's fees incurred in connection with her motion to remand. Such fees and costs may be recovered under 28 U.S.C. § 1447(c), which provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal."

Inasmuch as the court finds that 7-Eleven's removal was undertaken in good faith and with a reasonable basis, an award of costs is not warranted in this instance. <u>See</u> <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005)("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

### IV. Conclusion

In light of the foregoing, the court ORDERS as follows:

1. That Plaintiff's Motion for Remand (ECF No. 8) be, and it hereby is, granted.

2. That this action be, and it hereby is, remanded to the Circuit Court of Kanawha County, West Virginia.

The Clerk is requested to transmit this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

          ENTER: July 22, 2022

John T. Copenhaver, Jr.
Senior United States District Judge